IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARY LAVALLEY,

    Plaintiff,

vs.                                                      Civ. No. 15-763 KG/WPL

UNIVERSITY OF NEW MEXICO
BOARD OF REGENTS d/b/a
UNIVERSITY OF NEW MEXICO HOSPITAL
and UNITED STATES OF AMERICA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

        This matter comes before the Court upon Plaintiff's Motion Challenging the Substitution of the United States of America for Defendants Boncher and Brennan (Motion), filed on September 14, 2015. (Doc. 6). Plaintiff requests that the Court permit him to conduct discovery so he can challenge the United States Attorney's Certification "that Defendants Nicholas Boncher and Marie Brennan were acting in the course and scope of their employment as medical doctors for the Veterans Administration Medical Center," and so are deemed employees of the United States of America. *See* (Doc. 1-1). No Defendant responded to the Motion. Having considered the Motion, the Court grants the Motion.

*A. Background*

        This is a medical malpractice lawsuit filed originally in state court against the University of New Mexico Board of Regents d/b/a University of New Mexico Hospital (UNMH), Dr. Boncher, and Dr. Brennan under the New Mexico Tort Claims Act (NMTCA). (Doc. 1-2). Plaintiff claims that the medical malpractice occurred while he was undergoing a procedure at

the Veterans Administration Medical Center (VAMC).  According to Plaintiff, Drs. Boncher and Brennan, UNMH employees, committed medical malpractice when they performed the procedure.

      Drs. Boncher and Brennan removed the case to federal court on the basis of the Federal Tort Claims Act (FTCA) and 28 U.S.C. § 2679(d)(2).  (Doc. 1).  Under the FTCA, the United States is liable for the "negligent or wrongful act or omission of any employee of the [Federal] Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  Section 2679(d)(2) states:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his [federal] office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

Drs. Boncher and Brennan attached the requisite Section 2679(d) Certification to the Notice of Removal.  (Docs. 1 and 1-1).  Drs. Boncher and Brennan then filed a Notice of Substitution indicating that the United States should, therefore, be substituted for Drs. Boncher and Brennan as the appropriate Defendant.  (Doc. 3).

*B. Discussion*

      Plaintiff contends that Drs. Boncher and Brennan were not federal employees subject to the FTCA, but were employees of UNMH, an independent contractor which provides medical services to the VAMC, and, thus, subject only to the NMTCA.  It is well-established that the

United States is not liable under the FTCA for the acts of independent contractors or their employees.  *Lurch v. United* States, 719 F.2d 333, 336-37 (10th Cir. 1983).  To support his contention that Drs. Boncher and Brennan are employees of an independent contractor, Plaintiff provides (1) New Mexico Medical Board information showing a UNMH business address for Drs. Boncher and Brennan, and (2) UNMH website pages demonstrating Drs. Boncher and Brennan's employment at UNMH.  (Docs. 6-1 to 6-4).

Although the Certification is subject to *de novo* review by this Court, it is, nonetheless, *prima facie* evidence that Drs. Boncher and Brennan's alleged tortious conduct occurred within the scope of federal employment.  *See Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995).  Plaintiff "bears the burden of rebutting the scope-of-employment certification with specific facts."  *Id*. (citations omitted).  The Court may, in its discretion, permit limited discovery or conduct an evidentiary hearing on the question of scope of employment if the Certification, the pleadings, and Plaintiff's supporting documentary evidence reveal an issue of material fact.  *See Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1155 (4th Cir.), *cert. denied*, 522 U.S. 931 (1997).  Plaintiff need not specify what evidence might be obtained through discovery.  *Stokes v. Cross*, 327 F.3d 1210, 1216 (D.C. Cir. 2003).  To be entitled to limited discovery on the scope of employment issue, Plaintiff need only "plead sufficient facts that, if true, would rebut the certification."  *Id.*

Here, Plaintiff has pled sufficient facts and provided sufficient evidence which, if true, raises an issue of material fact as to whether Drs. Boncher and Brennan were employees of an independent contractor, UNMH, and, thereby, not federal employees subject to the FTCA.  The Court, therefore, grants the Motion and allows Plaintiff to engage in limited discovery on the issue of the scope of Drs. Boncher and Brennan's employment.  Once the Court decides that

issue, it will determine whether to allow the United States to be substituted for Drs. Boncher and Brennan as the appropriate Defendant.

IT IS ORDERED that

1. Plaintiff's Motion Challenging the Substitution of the United States of America for Defendants Boncher and Brennan (Doc. 6) is granted;

2. Plaintiff and the United States have thirty days from the date of this Memorandum Opinion and Order to conduct discovery limited to the scope of employment issue;

3. Plaintiff has fourteen days after the end of the limited discovery period to file a brief to present specific evidence refuting the Certification;

4. the United States has fourteen days after Plaintiff files his brief to file a response; and

5. the Court will not schedule an evidentiary hearing unless the Plaintiff and United States' written briefs demonstrate a need for one.

_____
UNITED STATES DISTRICT JUDGE