IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARY LAVALLEY,

    Plaintiff,

vs.                                               Civ. No. 15-763 KG/WPL

UNIVERSITY OF NEW MEXICO
BOARD OF REGENTS d/b/a
UNIVERSITY OF NEW MEXICO HOSPITAL
and the UNITED STATES OF AMERICA,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Require Defendant UNMH to File an Answer, filed September 24, 2015. (Doc. 7). Plaintiff requests that the Court decline to rule on the motion to dismiss for improper venue (Doc. 8-2) filed by Defendant University of New Mexico Board of Regents d/b/a University of New Mexico Hospital (UNMH) prior to the removal of this case to federal court. Plaintiff also requests that the Court require UNMH to file an answer to his complaint. On October 9, 2015, UNMH filed a response opposing the Motion. (Doc. 8). Plaintiff filed a reply on October 23, 2015. (Doc. 10). Having reviewed the Motion and accompanying briefing, the Court grants the Motion, in part, in that (1) the Court denies UNMH's motion to dismiss without prejudice, and (2) pursuant to Fed. R. Civ. P. 12(a)(4), UNMH has 14 days from the date it receives notice of this Memorandum Opinion and Order to file an answer to the complaint.

*A. Background*

This is a medical malpractice lawsuit filed originally in state court. In lieu of an answer to the complaint, UNMH filed in state court a motion to dismiss for improper venue. The Court construes that motion as a Fed. R. Civ. P. 12(b)(3) motion to dismiss for improper venue. *See McCray v. Ardelle Associates, Inc.*, 2015 WL 3886318, at *3 (E.D. Va.) (applying federal procedural rules to state court motion pending before removal to convert state motion to Rule 12(b)(6) motion to dismiss). Former Defendants Nicholas Boncher and Maire Brennan removed the case to federal court before Plaintiff could respond to the motion to dismiss. In fact, Plaintiff has not responded to the motion to dismiss. UNMH does not challenge the federal court's venue. Nonetheless, UNMH seeks a ruling on its motion to dismiss.

Plaintiff contends that because this action is now in federal court, this Court should not rule on whether the state court has proper venue, and the Court should require UNMH to answer the complaint. UNMH, on the other hand, contends that the Court should grant the motion to dismiss both on the merits and because Plaintiff has not responded to the motion to dismiss. *See* D.N.M. LR-Cv 7.1(b) (failure to respond constitutes consent to motion).

*B. Discussion*

After a case is removed to federal court, the federal court "takes the case up where the State court left it off." *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1215 (D.N.M. 2012) (quoting *Duncan v. Gegan,* 101 U.S. 810, 812 (1880)). However, once in federal court, the Federal Rules of Civil Procedure apply to the removed case. *Id.* Under this well-established law, the Court has before it UNMH's motion to dismiss. In the interest of justice, the Court declines to grant the motion to dismiss simply on the ground that Plaintiff failed to respond to it. Because the motion to dismiss pertains to only the state court's venue and is inapplicable to this

federal case, the Court denies the motion without prejudice to UNMH re-filing the motion in state court should the Court remand this case to state court.  In addition, now that the Court has denied the motion to dismiss, which the Court characterizes as a Rule 12(b)(3) motion to dismiss, Rule 12(a)(4) requires UNMH to serve its answer "within 14 days after notice of the court's action."  *See Robles v. Amarr Garage Doors*, 509 Fed. Appx. 741, 743 (10th Cir. 2013) ("If a Rule 12(b) motion is filed, an answer is not due until 14 days after notice of the court's denial of the motion.").

    IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Require Defendant UNMH to File an Answer (Doc. 7) is granted, in part, in that

    1.  the motion to dismiss (Doc. 8-2) is denied without prejudice to UNMH re-filing the motion in state court should the Court remand this case to state court; and

    2.  UNMH must serve its answer to the complaint within 14 days after receiving notice of this Memorandum Opinion and Order.

    _____
    UNITED STATES DISTRICT JUDGE